Case 5:11-cv-01744-JS Document 18-1 Filed 10/03/11 Page 1 of 9

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SCOTT GEITER and MARGARET GEITER<br>Plaintiffs | : | |
| v. | : | Docket No. 11-1744 |
| WILLIAM COLVIN, JOSH WHITESIDE, BRENDA M. BERNOT, and TRACY E. BROWN | : | (JUDGE JUAN SANCHEZ) |
| Defendants | : | JURY TRIAL DEMANDED |

# SECOND AMENDED COMPLAINT

## I. Introduction

1. Pursuant to 42 U.S.C. § 1983, Plaintiffs Scott and Margaret Geiter, file this civil rights action against Defendants for recklessly and wantonly violating Plaintiffs' Fourth Amendment rights by unlawfully entering Plaintiffs' home in the middle of the night without a search warrant, without exigent circumstances and without permission and proceeding into Plaintiffs' bedroom while Plaintiffs were sleeping. Defendants then seized, interrogated and intimidated Plaintiffs. As a result of the officers' conduct, Plaintiffs were emotionally distraught, scared and violated. Plaintiffs seek compensatory and punitive damages for Defendants' outrageous conduct in violating Plaintiffs' fundamental rights to be free in their home from unreasonable searches, seizures and detentions.

## II. Jurisdiction

2. This claim concerns the violation of civil rights and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

## III. Venue

3. Plaintiffs currently reside in Lancaster County, Pennsylvania and the events alleged in this Complaint occurred in Lancaster County, Pennsylvania, which is in this District and Division. Accordingly, venue properly lies pursuant to 28 U.S.C. § 1391.

## IV. Parties

4. Plaintiffs Scott and Margaret Geite r, husband and wife, are adult individuals residing at 3096 Lincoln Highway East, Paradise, Pennsylvania 17562.

5. Defendant William Colvin is a state police trooper employed by the Pennsylvania State Police, who is believed to be stationed at Troop J, located in Lancaster County, Pennsylvania. At all relevant times this state trooper acted under color of state law in depriving Plaintiffs of their constitutional rights. Defendant Colvin is being sued in his individual capacity.

6. Defendant Josh Whiteside is a state police trooper employed by the Pennsylvania State Police, who is believed to be stationed at Troop J, located in Lancaster County, Pennsylvania. At all times this state trooper acted under color of state law in depriving Plaintiffs of their constitutional rights. Defendant Whiteside is being sued in his individual capacity.

7. Defendant Brenda M. Bernot is a state trooper employed by the Pennsylvania State Police. It is believed and therefore averred that Trooper Bernot was responsible for providing supervision and training to Defendant Colvin and Defendant Whiteside. At all relevant times Trooper Bernot acted under state law in depriving Plaintiffs of their constitutional rights. Trooper Bernot is being sued in her individual capacity.

8. Defendant Tracy E. Brown is a state trooper employed by the Pennsylvania State Police. It is believed and therefore averred that Trooper Brown was responsible for providing supervision and training to Defendant Colvin and Defendant Whiteside. At all relevant times

Case 5:11-cv-01744-JS Document 18-1 Filed 10/03/11 Page 3 of 9

Trooper Brown acted under state law in depriving Plaintiffs of their constitutional rights. Trooper Brown is being sued in his/her individual capacity.

## V. Factual Allegations

9. Paragraphs 1 through 8 are incorporated herein by reference.

10. At all times relevant to the Complaint, Defendants Bernot and Brown were responsible for providing training and supervision to Defendant Colvin and Defendant Whiteside.

11. It is believed and therefore averred that Defendants Bernot and Brown were the final decision makers with respect to decisions related to training, hiring and supervising Pennsylvania State Police.

12. At all times relevant to the Complaint, Carl and Bernice Hall lived in the house across the street from Plaintiffs.

13. At all times relevant to the Complaint, Zachary Bicking lived with Carl and Bernice Hall.

14. It is believed and therefore averred, that on or about May 24, 2010, an unknown individual reported to the Pennsylvania State Police that an individual either living with or related to Scott and Margaret Geiter had been involved in an altercation involving Zachery Bicking.

15. It is believed and therefore averred that Defendant Colvin and Defendant Whiteside failed to substantiate or otherwise perform any type of investigation into the legitimacy of the report.

Case 5:11-cv-01744-JS Document 18-1 Filed 10/03/11 Page 4 of 9

16. On May 25, 2010, at approximately 1:30 a.m., the lights in Margaret and Scott Geiters' residence were turned off and there was no indication that anyone was awake within the residence; indeed, at this time, no one was awake in the Geiters' residence.

17. On May 25, 2010, at some time prior to 1:30 a.m., Defendant Colvin and Defendant Whiteside entered the Geiters' residence.

18. Defendant Colvin and Defendant Whiteside did not ring the doorbell or otherwise ask to be let into the Geiters' residence; rather, they entered the house in the middle of the night, unannounced.

19. Defendant Colvin and Defendant Whiteside did not have permission to enter the Geiters' residence; indeed, Defendant Colvin and Defendant Whiteside did not speak with any occupant of the Geiters' residence prior to entering the Geiters' residence.

20. Defendant Colvin and Defendant Whiteside failed to secure a search warrant to enter the Geiters' residence prior to entering the Geiters' residence.

21. Defendant Colvin and Defendant Whiteside had no reason to believe that any unlawful activity was ongoing in the Geiters' residence.

22. Defendant Colvin and Defendant Whiteside had no reason to believe that anyone was in imminent danger within the Geiters' residence.

23. Indeed, no exigent circumstances existed to compel a warrantless non-consensual nighttime search.

24. On May 25, 2010, sometime around 1:30 a.m., Margaret and Scott Geiter were awakened by the presence of Defendant Colvin and Defendant Whiteside in their bedroom.

25. The Geiters were partially clothed in sleepwear.

Case 5:11-cv-01744-JS Document 18-1 Filed 10/03/11 Page 5 of 9

26. Upon Margaret Geiter's demand that Defendant Colvin and Defendant Whiteside immediately leave the residence, she was threatened with arrest.

27. Defendant Colvin and Defendant Whiteside asserted that they had entered Geiters' residence to investigate an alleged altercation involving Zachery Bicking.

28. Defendant Colvin and Defendant Whiteside remained inside Geiters' residence, despite Plaintiffs' repeated protests, for approximately fifteen minutes.

29. During the course of Defendant Colvin and Defendant Whiteside's unlawful entry into Geiters' residence, Defendant Colvin and Defendant Whiteside unlawfully detained Margaret and Scott Geiter and repeatedly questioned both Margaret and Scott Geiter with respect to the alleged altercation involving Zachery Bicking.

## VI. Constitutional Violations

30. Plaintiffs incorporate by reference paragraphs 1 through 29 as if fully set forth herein.

31. The Fourth Amendment of the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

32. "'It is a basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 651 (1980).

33. The United States Supreme Court has stated that "the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Welsh v.*

Case 5:11-cv-01744-JS Document 18-1 Filed 10/03/11 Page 6 of 9

*Wisconsin*, 466 U.S. 740, 748 (1984) (quoting *United States v. United States District Court*, 407 U.S. 297, 313 (1972)).

34. The Pennsylvania Constitution in Article 1, Section 8 provides the same protection for unlawful search and seizure.

35. Defendant Colvin and Defendant Whiteside did not have a search warrant to enter into the Geiters' residence.

36. Defendant Colvin and Defendant Whiteside violated Plaintiffs' constitutional rights when they, without permission or any other legal justification, entered Geiters' residence in the middle of the night then proceeded to engage in the illegal and unconstitutional conduct as described above, all under color of state law as Pennsylvania State Police Officers.

37. Moreover, Defendants' search of the Geiters' residence, their seizure of the Geiters and Defendants' custodial interrogation of the Geiters in their own bedroom all violated the Geiters' constitutional rights.

38. Defendants acted with reckless indifference and wanton disregard to the constitutional rights of the Geiters.

39. It is believed and therefore averred that Defendants Bernot and Brown failed to train and supervise Defendant Colvin and Defendant Whiteside.

40. The actions and/or inactions of Defendants Bernot and Brown were product of deliberate indifference to the risk that Defendant Colvin and Defendant Whiteside would violate the constitutional rights of individuals and Defendants Bernot and Brown's indifference was a moving force behind the violations of Plaintiffs' constitutional rights.

Case 5:11-cv-01744-JS Document 18-1 Filed 10/03/11 Page 7 of 9

41. The conduct of Defendants caused severe emotional trauma to the Plaintiffs who were left distressed, scared and humiliated. Plaintiffs were terrified and felt completely violated by the conduct and actions of Defendants.

## VII. Causes of Action

### First Cause of Action

(42 U.S.C. § 1983 for violating the Fourth and Fourteenth Amendments)

42. Plaintiffs incorporate by reference paragraphs 1 through 41 as if fully set forth herein.

43. Defendants are state actors who acted under color of state law in a manner that deprived Plaintiffs of their Constitutional rights to be free from improper entries, searches, seizures, arrests and detentions into one's home as guaranteed by the Fourth and Fourteenth Amendment.

44. Defendants Bernot and Brown were responsible for providing supervision and training to Defendant Colvin and Defendant Whiteside.

45. The actions of the Defendants, under the color of state law, violated the clearly established federal constitutional rights of the Plaintiffs.

46. As a proximate result of the Defendants' actions, Plaintiffs have suffered the following injuries and damages:

a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution;

b. Emotional distress, humiliation, suffering and the violation of themselves and their home;

c. Costs, fees and expenses arising out of Defendants' actions.

Case 5:11-cv-01744-JS Document 18-1 Filed 10/03/11 Page 8 of 9

**Second Cause of Action**
(Supplemental State Law Claims)

47. Plaintiffs incorporate by reference paragraphs 1 through 46 as if fully set forth herein.

48. The acts and conduct of all Defendants alleged above constitute trespass, assault and battery, false imprisonment, intentional infliction of emotional distress, interference with state constitutional rights, negligence, gross negligence and negligent hiring, training, retention and supervision under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

49. The acts and conduct of all Defendants alleged above violated Plaintiffs' protected rights as secured by the Pennsylvania Constitution set forth in Article 1, Section 8 of the Pennsylvania Constitution.

50. Defendants violated Plaintiffs' right to be free from unreasonable searches and seizures, protected by Article I, Section 8 of the Pennsylvania Constitution.

**WHEREFORE**, Plaintiffs request the following relief:

a. Declare that Defendants' actions violated Plaintiffs' constitutional rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution;

b. Declare that Defendants' actions violated Plaintiffs' rights under the laws and the Constitution of the Commonwealth of Pennsylvania;

c. Grant Plaintiffs compensatory damages for violation of their Constitutional rights and for the injuries they suffered as a result of this incident;

Case 5:11-cv-01744-JS Document 18-1 Filed 10/03/11 Page 9 of 9

d. Award Plaintiffs damages for their respective state law claims;

e. Award Plaintiffs punitive damages as against Defendants in such amounts as the jury determines because Defendants' liability is based upon reprehensible actions and / or inaction;

f. Award the Plaintiffs prejudgment interest, reasonable attorneys' fees and costs as permitted by law; and

g. Award such other and further relief, as this Court may deem appropriate.

Date: 10/3/11

Respectfully submitted,

GIBBEL KRAYBILL & HESS LLP

By: ______________________

Melvin H. Hess
Jeffrey J. Worley
Attorneys for Plaintiff
41 East Orange Street
Lancaster, PA 17602
(717) 291-1700
Sup. Ct. Atty. ID. #23225
Sup. Ct. Atty. ID. #94260